[Cite as *State v. Kanyamihigo*, 2025-Ohio-4970.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-12 |
| Appellee | : | |
| | : | Trial Court Case No. 2024CR0101 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| EZEKIA DEO KANYAMIHIGO | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 31, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and HANSEMAN, J., concur.

ANTHONY D. MAIORANO, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

TUCKER, J.

{¶ 1} Ezekia Deo Kanyamihigo appeals from his conviction following a guilty plea to two counts of aggravated robbery, one count of felonious assault, and one count of having a weapon while under disability.

{¶ 2} Kanyamihigo challenges the validity of his plea. He contends the trial court did not advise him of the State's burden to prove his guilt beyond a reasonable doubt, as required by Crim.R. 11(C)(2)(c).

{¶ 3} We conclude that the trial court strictly complied with its obligation to advise Kanyamihigo of the State's burden of proof. Accordingly, the trial court's judgment is affirmed.

## I. Background

{¶ 4} A grand jury indicted Kanyamihigo on five counts of aggravated robbery with firearm specifications, one count of felonious assault with a firearm specification, and five counts of having a weapon while under disability. After unsuccessfully moving to suppress the evidence against him, he agreed to plead guilty to two counts of aggravated robbery, one count of felonious assault, and one count of having a weapon while under disability. In exchange, the State agreed to dismiss the other charges and all specifications. The State also agreed to recommend a particular indefinite minimum prison term. The trial court accepted the plea, made a finding of guilt, and imposed a sentence. This appeal followed.

## II. Analysis

**{¶ 5}** Kanyamihigo's assignment of error states:

**The Trial Court Failed To Strictly Comply With The Advisement That The State Is Required To Prove His Guilt Beyond A Reasonable Doubt.**

**{¶ 6}** Kanyamihigo contends the trial court violated Crim.R. 11(C)(2)(c) at his plea hearing by failing to advise him of the State's obligation to prove his guilt beyond a reasonable doubt. He correctly notes that this aspect of Crim.R. 11(C) required strict compliance by the trial court because it involved the waiver of a constitutional right. *State v. Veney*, 2008-Ohio-5200, ¶ 21. Kanyamihigo also recognizes, however, that a trial court need not recite Crim.R. 11(C)(2)(c) verbatim. "[A] trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *Id*. at ¶ 27. Whatever terminology a trial court employs, the required information must be conveyed in a "reasonably intelligible" manner. *Id*.

**{¶ 7}** Here Kanyamihigo participated in his plea hearing with assistance from a Swahili interpreter because he had limited English-language skills. During the plea colloquy, the trial court advised him as follows regarding the State's obligation to prove his guilt beyond a reasonable doubt:

> Now, I want to talk to you about your constitutional rights. Most notably, your right to fight the case. And it's not too late to do that now. We have a potential jury out in the hallway right now, numbering over sixty; ready, willing, and able to come in here and potentially serve as jurors for you[r] trial. That's called the right to a jury trial. And 12 of them would be seated in that jury box and, *before you could ever be found guilty, all 12 would have to be convinced*

3

*beyond a reasonable doubt that you were guilty beyond a reasonable doubt before you could ever be found guilty*; or, you could have me hear the case under the same rules. That's called the right to a jury trial, or a jury trial.

(Emphasis added.) July 8, 2024 Tr. 28-29.

**{¶ 8}** After Kanyamihigo indicated his understanding, the trial court proceeded to advise him of other constitutional rights as follows:

Okay. Well, if you did go to trial today, as we're prepared to do, you would also enjoy the following rights: *The presumption of innocence, meaning that you would go into this trial presumed innocent.* You would have the right to testify on your own behalf, if you chose to do so. You and your attorney would have the right to confront and cross examine all witnesses in the case. You have the right of compulsory process, meaning your attorney has, and, or would subpoena witnesses on your behalf and defense. And you could never be forced to testify against yourself and your silence could never be used as an attempt to prove your guilt.

(Emphasis added.) July 8, 2024 Tr. 29-30.

**{¶ 9}** Once again, Kanyamihigo indicated his understanding, and the trial court accepted his plea.

**{¶ 10}** On appeal, Kanyamihigo stresses that Crim.R. 11(C)(2)(c) obligated the trial court to tell him a guilty plea waives the right "to require the state to prove the defendant's guilt beyond a reasonable doubt." He concedes that the trial court advised him of the jury's obligation to find him guilty beyond a reasonable doubt. He argues, however, that the trial court never told him *who* had the burden to prove him guilty. The trial court never mentioned "the State" or "the prosecutor" in the quoted portion of the plea colloquy.

4

{¶ 11} Upon review, we find Kanyamihigo's argument to be unpersuasive. The trial court advised him that he was presumed innocent and that "the jury would have to be convinced beyond a reasonable doubt" that he was guilty. The only parties to the case were Kanyamihigo and the State. No defendant would think he had to prove his own guilt. The only possible "convincer" was the State. The trial court admittedly did not use the words "the State" or "the prosecutor" to identify who had to convince the jury, but there was no one else. Although the trial court did not recite Crim.R. 11(C)(2)(c) verbatim, it conveyed the required information in a reasonably intelligible manner.

{¶ 12} For purposes of Kanyamihigo's constitutional rights, the crucial information was that a defendant cannot be convicted without proof of guilt beyond a reasonable doubt, not the obvious fact that the State must prove its case. "Although the right to be proven guilty by the state beyond a reasonable doubt is one of the five rights included within Crim.R. 11(C)(2)(c)," the Ohio Supreme Court historically "never expressly accorded it the same stature as the other four." *Veney*, 2008-Ohio-5200, at ¶ 20. In *Veney*, however, the court recognized that "the right to have the state prove guilt beyond a reasonable doubt is a constitutionally protected right of an accused." *Id*. at ¶ 21. *Veney* relied on *In re Winship*, 397 U.S. 358 (1970). There the U.S. Supreme Court firmly established proof beyond a reasonable doubt as the standard in criminal cases, stating: "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship* at 364. This holding did not even mention which party was obligated to satisfy the reasonable-doubt standard because *Winship* had nothing to do with *who* was responsible. Everyone knew it was the government. The issue was whether the reasonable doubt

standard applied to a juvenile, and the majority held that it applied to everyone. *Id*. at 368. Therefore, insofar as Crim.R. 11(C)(2)(c) addresses the waiver of constitutional rights, *Veney* and *Winship* establish that the specific right at issue in Kanyamihigo's case was his right to require proof of guilt beyond a reasonable doubt. The trial court strictly complied with its obligation to advise him of that right.

{¶ 13} Having found full compliance with Crim.R. 11(C)(2)(c), we need not address the State's alternative argument that we may look to a written plea form to find the rule's requirements met.

{¶ 14} Kanyamihigo's assignment of error is overruled.

### III. Conclusion

{¶ 15} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and HANSEMAN, J., concur.